UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER WHEATON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 22-cv-4060-MMM |
| AUTUMN HAYES, *et al.*, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Henry County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff files suit against the Henry County Jail and Autumn Hayes, a CNA at the Jail. He alleges that on numerous occasions between May 3, 2021, and March 19, 2022, he contacted unidentified deputies about obtaining treatment for ongoing medical issues, including Type I diabetes, peripheral neuropathy, anxiety, seasonal allergies, and migraines.

1

When Plaintiff called for his blood glucose checks and insulin, he alleges that it would take more than two or three hours before anyone would come to perform the tests. When the unidentified individuals would arrive, Plaintiff alleges that they complained about providing medical treatment, refused to show Plaintiff his glucose levels, and charged him $20 per check without his knowledge.

Plaintiff alleges that he asked medical staff, including Defendant Autumn Hayes and Dr. Martila, about medications for his other conditions (peripheral neuropathy, anxiety, seasonal allergies, and migraines) and was told that he had never been prescribed medications for these conditions before. He also claims that Dr. Martila told Plaintiff that his neuropathy has been cured, but Plaintiff claims this is impossible because neuropathy is a progressive condition.

Plaintiff claims that, on more than one occasion, his blood glucose levels were high enough to administrator insulin or low enough to require a glucagon kit, which Plaintiff claims could result in a diabetic coma.

Plaintiff states that he made multiple medical requests, which Defendant Hayes claims she does not see or receive. Plaintiff claims he was charged a co-pay of $10.00 or $20.00 for each request and now has a co-pay debt of approximately $390.00.

On March 21, 2022, Plaintiff was called to see a doctor or nurse practitioner, but he did not see either one. When Plaintiff asked Defendant Hayes about his medications, Plaintiff claims she became "irate" and again denied that Plaintiff took the unidentified medications prior to being detained.

Finally, Plaintiff claims that he has been trying to get adequate help and treatment, and it "doesn't help that the mental health 'professional' is her sister." (Doc. 1 at 6).

## ANALYSIS

As a pretrial detainee, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). In other words, the claimant must show that the defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 900 F.3d at 353 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

Plaintiff alleges that when he submitted multiple requests for medical care, and when Plaintiff asked Defendant Hayes about his unidentified medications for his peripheral neuropathy, anxiety, seasonal allergies, and migraines, she became "irate" and denied that he had been taking medications for these conditions. Based on the paltry allegations in his complaint, Plaintiff has failed to allege a deliberate indifference claim against Defendant Hayes. She is DISMISSED, without prejudice, for failure to state a claim.

Plaintiff fails to state a claim for being required to make a co-payment to receive medical care. *See Scott v. Rector*, No. 13-16, 2013 WL 607717, at *1 (S.D. Ill. Feb. 19, 2013) ("An inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services."). While Plaintiff includes a variety of other allegations in his complaint related to the quality of medical care at the Jail, he fails to state who he holds liable or how he was harmed.

Liability will not attach, however, unless a defendant was aware or, reasonably should have been aware of the risk to plaintiff. It is well-recognized that § 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff's complaint is dismissed for failure to state a claim, although Plaintiff will be given an opportunity to replead with more specificity.

Plaintiff also names the Jail, which is not a "person" amenable to suit under § 1983. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) (jail is not a "person" that may be sued under § 1983). The Jail is DISMISSED, with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff repleads, he is to identify those individual persons whom he holds liable for violating his constitutional rights. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. The Henry County Jail is DISMISSED, with prejudice. The Clerk is directed to TERMINATE the Henry County Jail as a Defendant in this case.

3. Plaintiff files a motion for recruitment of *pro bono* counsel, but he does not indicate that he attempted to secure counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff's motion [4] is DENIED at this time. If Plaintiff renews his motion, he is to provide copies of letters sent to, and received from, prospective counsel.

ENTERED: 5/17/2022

                                                                                               s/ Michael M. Mihm
Michael M. Mihm
United States District Judge